UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANTHONY MARQUETTE PHILLIPS, | Criminal Case No. 1:12-cr-049-2 |
| | Civil Case No. 1:20-cv-487 |
| Defendant/Petitioner, | Judge Michael R. Barrett |
| v. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff/Respondent. | |

## ORDER

This matter is before the Court upon Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  (Doc. 164).

As background, on October 12, 2012, Petitioner pled guilty to attempted armed bank robbery (Count 1), in violation of 18 U.S.C. § 2113(a) and (d), and discharge of a firearm during the commission of a crime of violence (Count 2), in violation of 18 U.S.C. § 924(c)(1)(A)(iii).  (Docs. 29, 53).  The Court imposed a within-guidelines sentence (on June 12, 2013) of 235 months in prison on Count 1 and a consecutive 120-month term on Count 2.  (Doc. 79).  The Judgment and Commitment Order (Doc. 80) was entered on June 19, 2013, and the Clerk filed an appeal (Doc. 82) the same day at the request of Petitioner made during the time of sentencing.  Petitioner challenged two aspects of his sentence on direct appeal.  He argued that this Court gave unreasonable weight to his criminal history and considered unreliable information in determining that he had shot at others during his prior offenses.  On July 17, 2014, the United States Court of Appeals for the Sixth Circuit affirmed this Court's judgment.  (Doc. 103).

On August 15, 2015, Petitioner, proceeding pro se, timely filed his first Motion under 28 U.S.C. § 2255.  (Doc. 105, opening Civil Case No. 1:15-cv-549 on 8/21/2015). Petitioner also filed a "motion/petition/memorandum of law" (Doc. 109, docketed 9/24/2015), which supplied argument in support of the grounds for relief in his § 2255 motion.  Petitioner asserted four grounds for relief:

> 1. "Petitioner's state career offender priors are unconstitutionally vague as applied to *Johnson*";
>
> 2. "Petitioner cites *U.S. v. Johnson*, 13-7120, based on his state priors for career offender status";
>
> 3. "Petitioner is mentally ill. *State of Florida v. Hall*. . . . [C]ounsel was ineffective for not pursuing it through Appeal stages"; and
>
> 4. "Counsel promised if Petitioner pled guilty he would receive [no] more than 217 months at most".

(Doc. 105 at PageID 354–58).  Four additional grounds were presented in a Request to Supplement pursuant to Fed. R. Civ. P. 15 (Doc. 110), which this Court allowed (Doc. 111) and characterized as:

> (1) a Fifth and Sixth Amendment violation on the basis that [Petitioner] pled to attempted bank robbery, rather than bank robbery; (2) that [Petitioner's] guideline section was vague in light of *Johnson*; (3) a constitutional claim based on the "denial" of his "*Shepard* documentation requirements"; and (4) a Fifth Amendment claim that cites *Johnson* and *Descamps*.

(Doc. 148 at PageID 583).

On March 22, 2019, this Court entered an Order (Doc. 148) denying Petitioner's Motion under § 2255 (Docs. 105, 109, 110) as well as his subsequently filed Motion Requesting Appointment of Counsel under 18 U.S.C. § 3006A(a)(2)(B) (Doc. 140) and

(second) Motion to Supplement/Amend in Light of *Dimaya v. Sessions* (Doc. 141). The Court also declined to issue a certificate of appealability. (Doc. 148 at PageID 591).

Petitioner, still proceeding pro se, timely moved to alter or amend the March 22, 2019 Order pursuant to Fed. R. Civ. P. 59(e). (Doc. 151). He also again requested appointment of counsel under § 3006A(a)(2)(B). (Doc. 153). The Court denied both motions on October 7, 2019. (Doc. 155). In his Rule 59 motion, Petitioner referenced the United States Supreme Court's then-pending case, *United States v. Davis*, 139 S. Ct. 2319 (2019). With that case decided by the time the undersigned ruled on Petitioner's Rule 59 motion, the Court made the following determination:

> The Court is not convinced that a pending Supreme Court case that remained undecided within the time period during which to file a Fed. R. Civ. P. 59 motion qualifies as "an *intervening change* in controlling law" for purposes of that rule. *Leisure Caviar, LLC* [*v. United States Fish & Wildlife Serv.*], 616 F.3d [612,] 615 [6th Cir. 2010] (emphasis added). Regardless, it fails on the merits. Section § 924(c)(3) of Title 18 of the United States Code, considered in *Davis*, defines a crime of violence as either a felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "use-of-force clause") or a felony offense "(B) that that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). The *Davis* court found that the residual clause is unconstitutional. **The question is therefore whether Petitioner's conviction relied on the residual clause.**
>
> **It did not.** Petitioner's § 924(c) conviction was based on his guilty plea to 18 U.S.C. §§ 2113(a) and (d)—attempted armed bank robbery. (Doc. 80). **"[B]ank robbery in violation of 18 U.S.C. § 2113(a) satisfies the use-of-force clause definition of 'crime of violence.'"** *Warrick v. United States*, No. 18-6252, 2019 WL 2299252, at *2 (6th Cir. 2019) (citing *United States v. Henry*, 722 Fed. Appx. 496, 500 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 70 (2018)) (remaining citation omitted). **Accordingly, Petitioner's conviction under § 924(c) did not depend on its now-unconstitutional residual clause.**

3

(Doc. 155 at PageID 620–21).

Petitioner, continuing to proceed pro se, appealed this Court's orders denying his Motion under § 2255 and his Rule 59(e) motion. (Doc. 157, opening appellate Case No. 19-4114 on 11/14/2019). Abandoning all other grounds for relief, he sought a certificate of appealability *only* on the grounds that this Court

> should have considered whether his attempted-armed-bank-robbery conviction qualified "as a crime of violence under the categorical approach" in light of *United States v. Davis*, 139 S. Ct. 2319 (2019); erroneously determined that his conviction for attempted armed bank robbery under § 2113(a) and (d) remains valid after *Davis*; and erroneously determined "that 'attempted armed bank robbery' qualifies as a crime of violence when the least []culpable means of violating [§]2113(a)[,] i.e., extortion, is not categorically a crime of violence" after *Davis*. Phillips contends that his § 924(c) conviction is no longer valid because attempted armed bank robbery does not qualify as a "crime of violence" under the use-of-force clause in § 924(c)(3)(A), and *Davis* invalidated the residual clause in § 924(c)(3)(B).

(Doc. 161 at PageID 342). The Sixth Circuit denied his application on March 17, 2020, finding his conviction "unaffected" by *Davis*. (*Id.* at PageID 343 ("Because the attempted-armed-bank-robbery offense underlying Phillips's § 924(c) conviction qualifies as a crime of violence under the use-of-force clause in § 924(c)(3)(A), Phillips's § 924(c) conviction is unaffected by *Davis*, which invalidated the residual clause in § 924(c)(3)(B).")). Meanwhile, on September 12, 2019, Petitioner had filed a Motion under 28 U.S.C. § 2244 for Leave to File a Second or Successive Motion to Vacate under § 2255 (opening appellate Case No. 19-3890 on 9/19/2019) based on *Davis*. The Sixth Circuit thereafter denied Petitioner's motion as moot on April 15, 2020, referencing its March 17, 2020 order finding that *Davis* has no effect on his § 924(c) conviction

> During the pendency of this appeal, however, this court issued an order denying Phillips's application for a certificate of appealability

4

> ("COA"), in which Phillips raised the exact question at issue here: whether the Supreme Court's recent decision, *Davis v. United States*, 139 S. Ct. 2319 (2019), rendered his conviction for discharging a firearm during the commission of a "crime of violence," here, attempted armed bank robbery, invalid. *See* Case No. 19-4114 (order dated Mar. 17, 2020). For the reasons stated in that order, Davis did no such thing. Consequently, we **DENY AS MOOT** Phillips's motion for authorization to file a second or successive § 2255 petition.

*In re Anthony Marquette Phillips*, Case No. 19-3890 (6th Cir. Apr. 15, 2020).

Pursuant to S.D. Ohio General Order No. 20-13, counsel was appointed for Petitioner as a "potential defendant[] who may be eligible for relief" under *Davis*. (Doc. 163). *See In re Franklin*, 950 F.3d 909 (6th Cir. 2020) (*Davis* established a "new rule of constitutional law" that is retroactively applicable). On June 22, 2020, within the one-year period after *Davis* was decided, counsel filed the pending motion to vacate. (Doc. 164, opening Civil Case No. 1:20-cv-487). As far as the Court is aware, counsel has not filed in the Sixth Circuit a motion for leave under § 2244 to file a second or successive motion under § 2255.

A district court lacks jurisdiction to entertain a second or successive § 2255 motion without the Sixth Circuit's prior authorization. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive . . . § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the court of appeals], the district court shall transfer the document to [the court of appeals] pursuant to 28 U.S.C. § 1631."). *Cf.* Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."). Accordingly, the Clerk is **DIRECTED** to

5

**TRANSFER** Petitioner's current Motion under 28 U.S.C. § 2255 (Doc. 164), his third, to the United States Court of Appeals for the Sixth Circuit as a "second or successive motion." *See* 28 U.S.C. § 2255(h).  To the extent that Petitioner seeks relief from this Court absent certification, his request is **DENIED**.  *See* 28 U.S.C. § 2244(a).

    **IT IS SO ORDERED**.

                                                */s/ Michael R. Barrett*
                                                Michael R. Barrett, Judge
                                                United States District Court