UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 1:12-cr-49-2 |
| v. | : | Judge Michael R. Barrett |
| ANTHONY MARQUETTE PHILLIPS[1], | : | **ORDER DENYING THIRD MOTION FOR COMPASSIONATE RELEASE** |
| Defendant. | : | |

This matter is before the Court on Defendant Anthony Marquette Phillips's third pro se motion for compassionate release. (Doc. 183 SEALED, docketed 11/13/2023). The United States (again) opposes release. (*Cf.* 186 *with* Doc. 181 SEALED & Doc. 177).

I.     BACKGROUND

**Defendant Pleads Guilty and Is Sentenced.** The grand jury for the Southern District of Ohio returned a two-count superseding indictment against Defendant (and a co-defendant) in June 2012. (Doc. 29). Count One charged them with attempted armed bank robbery. (*Id.*). Count Two charged them with carrying, using, and discharging a firearm during that crime of violence. (*Id.*). Defendant Phillips pled guilty to both counts in October 2012. (Doc. 53). The undersigned imposed a within-guidelines sentence in June 2013 of 235 months in prison on Count One and a consecutive 120-month term on Count Two. (Docs. 79, 80).

---

[1] Defendant, who is 55 years-old, is currently incarcerated at FCI Hazelton. "Find an inmate," Federal Bureau of Prisons available at (https://www.bop.gov/inmate_loc/ (last visited 04/29/2024)). His projected release date is October 3, 2037. *Id.*

1

**Prior Motions for Compassionate Release.** Defendant filed his first pro se motion for compassionate release in late 2020. (*See* Doc. 167, docketed 12/01/2020). In connection with S.D. Ohio Amended General Order 20-21, attorney Angela Glaser was appointed to represent Defendant (Docs. 170, 171) and filed a supplemental motion on his behalf (Doc. 175). The undersigned denied Defendant's first motion, as supplemented, on February 19, 2021. (Doc. 178). The Court failed to find that Defendant's hypertension—which was controlled by a combination of medication, diet, and exercise—or his diagnosis of depressive disorder—which also was controlled by medication—together constituted an "extraordinary and compelling reason" to support a sentence modification under 18 U.S.C. § 3582(c)(1)(A).[2] Absent such a finding, it was unnecessary to consider the applicable sentencing factors listed in 18 U.S.C. § 3553(a)[3], to include Defendant's efforts toward rehabilitation[4].

Defendant's second pro se motion (Doc. 179, docketed 03/28/2022) sought compassionate release based on the same medical conditions, but against the backdrop of the Omicron variant of the COVID-19 virus (*id.* PAGEID 885–90). And he again highlighted his rehabilitation efforts in connection with the § 3553(a) factors. (*Id.* at PAGEID 890–92). The undersigned denied Defendant's second motion on April 29, 2022. (Doc. 182). Although Defendant had claimed to have "exhausted all administrative remedies available to him[,]" (*see id.* (quoting Doc. 179 at PAGEID 885)), he attached no

---

[2] (Doc. 178 at PAGEID 881–83).

[3] (Doc. 178 at PAGEID 883 (citing *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *United States v. Tomes*, 990 F.3d 500, 504 (6th Cir. 2021) (citing *Elias*); *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (citing *Elias*)).

[4] (*See* Doc. 167 at PAGEID 664, 666, 674–75, 677; Doc. 168 SEALED at PAGEID 680–84; Doc. 175 at PAGEID 761, 764, 769; Doc. 176 SEALED at PAGEID 772–845).

new document(s) in support.[5] The Court presumed that Defendant was relying on his submissions[6] in connection with his first motion for compassionate release, but noted that a subsequent motion for compassionate release is "procedurally deficient" when it fails to indicate that "any fresh request for release on new grounds has been presented to and denied or ignored by prison authorities." (Doc. 182 PAGEID 942–43 (quoting *United States v. Douglas*, No. 16-20436, 2022 WL 452446, at *1 (E.D. Mich. Feb. 14, 2022))). On this basis then, Defendant Phillips's second pro se motion was denied without prejudice. (*Id.* PAGEID 945).

## II. DISCUSSION

Defendant's current motion for compassionate release lists a hodge-podge of reasons he believes support a reduction in sentence, none of which the Court will address on the merits. As the government correctly points out, "Phillips has not claimed to have made any request for administrative remedies, much less provided proof of such a request." (Doc. 186 PAGEID 1065).[7] Defendant Phillips admits this[8], but counters that "a defendant

---

[5] A court "may not modify a term of imprisonment" based on a defendant's compassionate release motion until "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The exhaustion and lapse requirements found in § 3582(c)(1)(A) are mandatory and present "a glaring roadblock foreclosing compassionate release." *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020)). The Court must enforce mandatory claim-processing rules except in cases of waiver or forfeiture, *Alam*, 960 F.3d at 834, neither of which applied. (*See* Doc. 181 SEALED at PAGEID 928, 931–32).

[6] These submissions included Defendant's "Reduction in Sentence Application" dated September 15, 2020 and the Warden's subsequent denial, as well as Defendant's appeal ("Request for Administrative Remedy") dated September 21, 2020 and, again, the Warden's denial. (Doc. 168 SEALED at PAGEID 686–91; Doc. 175-1 SEALED at PAGEID 771).

[7] Assistant United States Attorney Timothy S. Mangan represents that his office "made an inquiry to FCI-Hazelton, [where] Mr. Phillips is detained. The representative from FCI-Hazelton reported that, to her knowledge, Phillips has not submitted a request while at Hazelton. He did submit a claim for administrative remedies while previously housed in FCI Coleman Medium, but that was back in 2020." (Doc. 186 PAGEID 1065).

[8] (Doc. 183 PAGEID 952 ("Mr. Phillips submitted a request for Compassionate release to the Warden on N-A. The Warden denied the request on N-A.")).

3

need not state all his grounds to the Warden to be deemed to have exhausted his administrative remedies; all that is required is that he submits a request for Compassionate Release with grounds to the Warden." (Doc. 183 PAGEID 951 (citing *United States v. Poole*, 472 F. Supp. 3d 450 (W.D. Tenn. 2020))). "The statute contains no language requiring that a court consider only arguments raised first to the BOP or requiring a defendant to raise each ground for relief to the BOP." *Poole*, 472 F. Supp. 3d at 456.

The undersigned questions *Poole*'s logic. As another district court within the Sixth Circuit has more sensibly reasoned:

> While the question of whether § 3582(c)(1)(A) requires "issue exhaustion" has not been directly addressed by the Sixth Circuit, the court has stated that the exhaustion requirement is meant "to implement an orderly system for reviewing compassionate-release applications, not one that incentivizes line jumping." *United States v. Alam*, 860 F.3d 831, 834 (6th Cir. 2020). In *Alam*, the court stresses that review by the BOP is not "futile" and that "[p]reventing prisoners from charging straight to federal court serves important purposes." *Id.* at 835. Requiring that prisoners first present their arguments in a request to the warden "ensures that the prison administrators can prioritize the most urgent claims" and "that they can investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." *Id.*; *see also* [*United States v.*] *Asmar*, 465 F. Supp. 3d [716,] 719 [E.D. Mich. 2020] ("There is undeniable value in having the BOP make the initial review before an inmate is released ... [it gives] the BOP the opportunity to gather an inmate's medical documentation and other records, evaluate the request, and decide in the first instance whether it justifies seeking compassionate release or pursuing some other form of relief.").
>
> The Sixth Circuit's opinion in *Alam* suggests that issue exhaustion is required under § 3582(c)(1)(A). *Alam*, 960 F.3d 831. The important purposes of the administrative exhaustion would be undermined if prisoners could present entirely new arguments and issues in a motion without first presenting those arguments to the BOP.

*United States v. Wardle*, No. 5:18-57-KKC, 2021 WL 4822827, at *2 (E.D. Ky. Oct. 14, 2021). *Wardle*, of course, is consistent with *Douglas*, *supra,* on which the undersigned

4

relied to pronounce Defendant Phillips's second pro se motion "procedurally deficient"[9].

### III. CONCLUSION

Based on the foregoing, Defendant Anthony Marquette Phillips's third pro se motion for compassionate release (Doc. 183) is hereby **DENIED without prejudice**.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

---

[9] (Doc. 182 PAGEID 942–43).  *See United States v. Traylor*, No. 16-20437, 2022 WL 4553026, at *2 (E.D. Mich. Sept. 29, 2022) (fourth motion for compassionate release) (quoting *Douglas*).